UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

FRANK RECRUITMENT
GROUP INC.

                  Plaintiff,

                  v.

JAMES SCOTT GROUP, LLC; and ANTHONY
LABELLA

                  Defendants.

-------------------------------------------------------------:

Civil Action No.

## [PROPOSED] TEMPORARY RESTRAINING ORDER

AND NOW, at 4:35 a.m./p.m., this 18th day of August, 2023, upon consideration of the Motion of Plaintiff Frank Recruitment Group Inc. ("FRG" or "Plaintiff") for a Temporary Restraining Order, IT IS HEREBY ORDERED as follows:

WHEREFORE, Plaintiff has made reasonable effort to give notice to Defendants James Scott Group, LLC ("JSG") and Anthony LaBella ("LaBella;" collectively, "Defendants") of this motion for temporary injunctive relief;

Plaintiff's Motion for a Temporary Restraining Order is GRANTED for the following reasons:

    a.    Specific facts outlined in Plaintiff's Memorandum of Law and supporting declaration clearly show that immediate and irreparable injury and damage will result to Plaintiff before Defendants can be heard in opposition. Without immediate injunctive relief, Plaintiff will be irreparably harmed by the unlawful competition of Defendants because of the loss and misappropriation of its confidential information and trade secrets resulting from Defendants'

conduct.

b.  Plaintiff will likely succeed on the merits of its claims that Defendants violated the Defend Trade Secrets Act and New York's common law regarding misappropriation of trade secrets and confidential information because of their misappropriation of Plaintiff's confidential information and trade secrets.

c.  Plaintiff will likely succeed on the merits of its claim that Defendants violated New York's unfair competition common law because of their misappropriation of Plaintiff's confidential information and trade secrets.

d.  Plaintiff will likely succeed on the merits of its claim that Defendants' tortiously interfered with the contract of Plaintiff employee(s) through the employee(s)' disclosure of Plaintiff's confidential information and trade secrets to Defendants.

e.  Plaintiff will likely succeed on the merits of its claims that LaBella breached his contract with Plaintiff and that JSG tortiously interfered with LaBella's contract with Plaintiff through their misappropriation of Plaintiff's confidential information and trade secrets.

f.  The balance of the equities in this matter favors the entry of the relief sought because Plaintiff has shown that it would suffer more harm in the absence of this Order than Defendants will suffer as a result of this Order.

e.  The public interest in maintaining the confidentiality of trade secrets and confidential information and the sanctity of contracts favors the entry of this order.

Until further order of this Court, **IT IS ORDERED** that Defendants and those acting in concert with Defendants are enjoined, preliminarily until hearing, or ordered to as follows:

1. From using, presenting, or disclosing to any individual or entity other than Plaintiff any of Plaintiff's trade secrets or confidential information (collectively, "Confidential Information");

2. Disclose to Plaintiff all individuals or entities that have disclosed Plaintiff's Confidential Information to Defendants since August 1, 2022;

3. Produce within three (3) days of this Order copies of all documents, electronic files, and information requested by Plaintiff during the expedited discovery process relating in any way to the activity set forth in Plaintiff's Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, and any communications, internal or otherwise, relating thereto;

4. Respond within seven (7) days of service of expedited discovery by Plaintiff regarding subjects requested therein including, without limitation, Plaintiff's Confidential Information, Defendants' receipt and use of Plaintiff's Confidential Information, communications and documents regarding the Client placement opportunities described in the Complaint, and steps taken by Defendants to ensure non-disclosure or non-misappropriation of Plaintiff's Confidential Information;

5. Preserve and not delete, modify, destroy, or otherwise alter all documents, data, and information pertaining to Plaintiff's documents or information, or were used to transfer or temporarily store Plaintiff's documents, data, or information, or that referred or related to Plaintiff, Plaintiff's business, Plaintiff's Clients or Candidates, or the allegations set forth in the Complaint; and

6. ~~Pay Plaintiff's reasonable attorneys' fees and costs incurred in connection with its Motion and this Order.~~

A preliminary injunction hearing will be held before Judge Crotty on 9/5/23 at 3:15 p.m. in Courtroom 14-C. Defendants may submit papers in opposition by no later than August 28, 2023, and plaintiff ~~defendants~~ may submit reply papers by no later than September 1, 2023.

Plaintiffs will post with the Clerk of the Court by no later than August 23, 2023 a bond in the amount of $10,000.00. Plaintiffs will serve this Order on defendants by no later than August 22, 2023.

SO ORDERED

BY THE COURT

*/s/ Jed S. Rakoff (Part I)*
JED S. RAKOFF
USDJ