UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

FRANK RECRUITMENT
GROUP INC.
                Plaintiff,

v.

JAMES SCOTT GROUP, LLC; and ANTHONY
LABELLA

                Defendants.
----------------------------------------------------------- X

Civil Action No. 1:23-cv-07335-PAC

## [CONSENT] PRELIMINARY INJUNCTION ORDER

The parties hereby consent to entry of the following injunction to resolve the Motion of Plaintiff Frank Recruitment Group Inc. ("FRG" or "Plaintiff") for a Preliminary Injunction, against Defendants James Scott Group, LLC ("JSG") and Anthony LaBella ("LaBella;" collectively, "Defendants").

**Wherefore,** FRG alleges that LaBella and another JSG employee, Michael Marino ("Marino") forwarded certain of FRG's proprietary, trade secret and confidential information to LaBella's and Marino's personal email accounts. FRG further alleges that LaBella and Marino forwarded certain of FRG's proprietary, trade secret and confidential documents and information to their respective JSG email accounts and to the JSG email account of JSG's founder, Ryan Leslie. Defendants deny that any such information, materials or documents that were forwarded to the aforementioned email accounts were confidential or proprietary in nature; and

**Wherefore,** FRG alleges that Defendants received certain of FRG's proprietary, trade secret and confidential information from one or more individuals employed by FRG concerning not less than four active placement opportunities contained within FRG's database. Defendants

deny receiving FRG's information from one or more FRG employees, but agree that they will not accept any FRG proprietary, trade secret or confidential information from any FRG employee, which shall include all information within FRG's Phoenix system or otherwise relating to vacancies, jobs or projects that FRG has been engaged to fill, and business or contact information concerning FRG candidates, jobs, projects, and clients. Defendants further agree to immediately notify FRG if any of FRG's employees provide or have provided Defendants with such information.

Accordingly, until further order of this Court, **IT IS ORDERED THAT**:

1. Defendants and any individual or entity acting at Defendants' direction shall not use, present, or disclose to any individual or entity other than Plaintiff any of Plaintiff's trade secret, proprietary and/or confidential information, nor any FRG information that LaBella and Marino retained following their resignations and/or provided to JSG. This information includes, but is not limited to, the information identified in the Wherefore clauses.

2. Defendants shall return to Plaintiff any and all of Plaintiff's hard copy documents, and/or materials within Defendants' possession, custody or control to the extent that any such hard copy documents, and/or materials exist no later than September 15, 2023. If no such documents, and/or materials exist, Defendants shall so certify in writing.

3. Defendants must engage and pay for a forensic consultant, to be retained, and supervised by Defendants' counsel, and to be agreed to by the parties, no later than September 8, 2023, to forensically image Defendants' devices, databases, systems and accounts, perform searches for Plaintiff's proprietary, trade secret and confidential information, and to remove such information from Defendants' devices, databases, systems and accounts. The devices and accounts to be imaged and searched by the forensic consultant shall include all electronic devices and

accounts owned, controlled or possessed by JSG, LaBella, and/or Marino including, but not limited to, their work and personal email accounts, computers, phones, and any other information storage devices such as external hard drives, flash drives, or USB drives, to the extent Defendants store information, materials and documents on such devices. The relevant time period for these forensic images and searches as it relates to Defendants shall be June 1, 2022 to the present. The parties shall work with the forensic consultant to identify FRG information. A copy of the FRG information which is ultimately identified and removed by the forensic consultant shall be provided to FRG.

4.   After all documents, electronic files, and information created at FRG that is within Defendants' possession, custody or control have been removed from each of Defendants' devices, databases, systems and accounts, Defendants will provide Plaintiff with declarations from Ryan Leslie on behalf of JSG, and individually from LaBella and Marino, certifying that: (a) Defendants and Marino provided the forensic consultant with access to the electronic devices, databases, systems, and accounts described above in Paragraph 3; (b) all of Plaintiff's information was removed from each their devices, databases, systems and accounts; and (c) that each is unaware of any information belonging to Plaintiff that remains within Defendants' or Marino's possession, custody or control.

5.   Subject to the provisions set forth herein, the parties agree that Defendants and any individual or entity acting under Defendants' direction will continue to preserve and not delete, modify, destroy, or otherwise alter all documents, data, and information concerning Plaintiff's claims, or that referred or related to Plaintiff, Plaintiff's business, Plaintiff's Clients or Candidates, the allegations set forth in the Complaint, or documents, electronic files, and information created at FRG, except as performed by the forensic consultant in compliance with this Order.

3

6. Plaintiff's Motion for a Preliminary Injunction is to be closed as moot and the Hearing scheduled for 3:30 p.m. on September 5, 2023 concerning such motion is hereby adjourned.

Stipulated and agreed by:

| | |
|---|---|
| **KLEHR HARRISON**<br>**HARVEY BRANZBURG LLP**<br><br>By: _____<br>Matthew J. McDonald<br><br>SO ORDERED. | **TANNENBAUM HELPERN**<br>**SYRACUSE & HIRSCHTRITT LLP**<br><br>By: _____<br>Maryann C. Stallone<br><br>Hon. Paul A. Crotty<br><br>_____ 9/5/2023<br>Paul A. Crotty, J. |

4